## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MATTHEW KELLERMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.      14-2190-RDR** |
| | ) | |
| **UPS SUPPLY CHAIN SOLUTIONS** | ) | |
| **GENERAL SERVICES, INC.** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **UNITED PARCEL SERVICE, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Matthew Kellerman ("plaintiff") and defendants UPS Supply Chain Solutions Services, Inc. and United Parcel Service, Inc., (collectively referred to as "defendants"), by their respective counsel, having stipulated to the terms of this Order, and the Court being fully advised in the premises, it is hereby **ORDERED**:

1.      **Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private information concerning both parties and nonparties, including, for example, but not limited to, plaintiff's confidential medical records, tax and wage information and other private documents and information regarding plaintiff's income and health/medical status; confidential matters

concerning defendants' trade secrets and any other proprietary and confidential business information, the personnel files of and related information concerning current and/or former employees of defendants, including, but not limited to, information concerning the income and health/medical status of such persons, and documents and information concerning defendants' income, net worth and income tax returns. The privacy interests in such information substantially outweigh the public's right of access to judicial records. Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter, and the above-described documents and information, reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or work relationships.

2.     **Confidential Information.** The parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The parties have further agreed that this may include information relating to the following topics: the non-public, confidential financial and/or net worth information of defendants, including tax returns, annual reports, profit and loss statements, and balance sheets; non-public, confidential proprietary information concerning defendants, the non-public, confidential personnel and/or human resource files of and related information concerning any of defendant's current or former employees; and medical/health, financial and/or tax records relating to plaintiff.

3.     **Designating documents and interrogatory answers as confidential**.  Any party

to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential." Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Parties to this action may also designate deposition testimony relating to the subjects enumerated in paragraph 2 above as "Confidential Information" by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 2. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

4.     **Disclosure of Confidential Information.**   Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

(a)     The parties;

(b)     Their counsel, counsel's legal and clerical assistants and staff;

(c)     Persons with prior knowledge of the documents or the Confidential

Information contained therein;

(d)     Court personnel, including court reporters and persons operating video recording equipment at depositions;

(e)     Any special master appointed by the Court and any mediator either selected by the parties are appointed by the Court;

(f)     Any independent document reproduction services or document or video recording and retrieval services; and

(g)     Any expert witness or outside consultant retained or consulted by the parties.

Except for court personnel, counsel shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph, of the existence of this Order, and they shall agree to be bound prior to sharing this Confidential Information with them.

5.     **Disputes Concerning Designation(s) of Confidential Information.**   In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court.

6.     **Binding Effect of This Order.**   This Order is binding upon the parties, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony are limited pursuant to the terms of this Order.

7.     **Use of Confidential Information.**   The parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by

placing them in the public record in this case. If a party wishes to use any confidential information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal only upon separate, specific motion and later order of the Court. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in depositions and the trial of this case. The parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

8.      **Return of Confidential Information.**   At the conclusion of this litigation the parties' respective counsel shall, within thirty days, and upon written request by the other party upon conclusion of this matter, return all documents which fall under the scope of this Order. If respective counsel fails to make a written request for the return of documents within thirty days of the conclusion of this litigation, their right to do so is waived, and other counsel may destroy such records at their option. The parties, however, retain the right to keep any documents that were admitted as exhibits in this case.

IT IS SO ORDERED.


DATED: August 19, 2014


                                    s/ James P. O'Hara
                              JAMES P. O'HARA
                              U.S. MAGISTRATE JUDGE


5

## APPROVED AS TO FORM AND CONTENT

**DAVIS GEORGE LLC**

By      /s/ *Brett A. Davis*
            Brett A. Davis - #16217
            Tracey F. George - #77967

1600 Genessee, Suite 328
Kansas City, Missouri 64102
Telephone:     816/569-2629
Facsimile:     816/447-3939
Davis E-mail:  brett@davisgeorge.com
George E-mail: tracey@davisgeorge.com

**Attorneys for Plaintiff**

And

**ARMSTRONG TEASDALE LLP**

By:      */s/ Shelley I. Ericsson*
            Shelley I. Ericsson - #19098
            Krystle M. Dunn -#25263

2345 Grand Boulevard, Suite 1500
Kansas City, MO 64118
Telephone:     816/221-3420
Facsimile:     816/221-0786
serricsson@armstrongrteasdale.com
kdunn@armstrongrteasdale.com

**Attorneys for Defendants**

6